PEDRO F. RODRÍGUEZ, Plaintiff and Appellee, v. THE PORTO RICO DAIRY, INC., Defendant and Appellant.

No. 6509. Argued December 18, 1933—Decided December 22, 1933.

916

*L. Toro Cabañas* for appellant. *L. Dubón* for appellee. *C. Torres Laborde* for receiver.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

F. A. Powers, in his capacity as manager of The Porto Rico Dairy, Inc., executed twenty promissory notes for $212.50 each payable to the order of the plaintiff, Pedro F. Rodríguez. Said promissory notes originated in a sale of three Day Elder trucks, suitable for the transportation of milk, which, together with their respective licenses and insurance policies, were delivered to the defendant, in whose possession they were at the time of the trial of this case before the lower court. There is no doubt as to the authenticity and execution of these promissory notes which were made a part of the complaint, since the answer was not verified in accordance with section 119 of the Code of Civil Procedure.

The defendant in its answer sets up that on May 13, 1932, a so-called board of directors appointed F. A. Powers as manager of the corporation, without the said board having any authority to make such an appointment nor to authorize the manager to sign any instruments in the name of The Porto Rico Dairy, Inc.; that said board of directors was not elected in the manner prescribed by the Corporation Law and provided in the charter and by-laws of the company; that the appointment of each and every one of its members has been impugned and the said board lacks authority to represent and bind the defendant; and that the

credit documents issued on May 13, 1932, by F. A. Powers and which accompanied the complaint, lack the character of instruments executed by The Porto Rico Dairy, Inc., and are not enforceable.

The enforceability of the contracted obligations has been satisfactorily proved.

On July 6, 1932, Dolores McCormick brought suit against The Porto Rico Dairy, Inc., and against Ganaderos Unidos, Inc., on certain shares of stock and for the appointment of a judicial administrator. In that case, by an order of the District Court of San Juan dated December 15, 1932, and on the ground that said corporation, The Porto Rico Dairy, Inc., was in danger of becoming insolvent in consequence of business losses and bad management, a receiver was appointed to take charge of the corporate property and manage the same during the pendency of the suit.

The evidence offered shows that the plaintiff herein sold three motor trucks to the defendant for $4,250, and it was agreed that said sum would be paid at the rate of $212.50 weekly. In accordance with this agreement, the defendant executed, through its manager F. A. Powers, twenty promissory notes for $212.50 each. The plaintiff testified, and his testimony does not appear to have been contradicted, that he negotiated the deal with the full board of directors; that the defendant corporation called a night meeting for the purpose of doing the business with him and that twelve of the notes executed in his favor by the defendant have already been paid. The contract was entered into at the time Jesús Piñero was president of the corporation. Ricardo La Costa testified that he was president of the defendant corporation and knew of the notes executed in favor of the plaintiff, of which twelve had been paid and eight were still outstanding; that in view of this, he decided to pay to Rodríguez, but as there were at that time so many obligations similarly outstanding, and so many attachments and suits, every creditor could not be paid upon maturity of the respective obliga-

tions; that he made a settlement with Rodríguez whereby he would pay him weekly one-half the amount of each promissory note; that before making this proposal he investigated the origin of the promissory notes and the sale of the trucks used by the corporation at that time, when the witness was president; that he was unable to fulfill the agreement, because due to the San Ciprián Cyclone the situation became worse and there was no money to pay the employees of the corporation. Upon being asked by counsel for the defendant whether in his capacity as president of the Porto Rico Dairy he had investigated if the person who signed those documents was authorized to sign in accordance with the minute book, he answered that he attempted to investigate the matter, but that at page 97 of the minute book, he found a statement to the effect that the corporation had worked for a long time without keeping any record of its proceedings, and that the secretary was exonerated therefor; and that the date on which the notes were executed is comprised within the period referred to in the minute book. This last portion of the witness' testimony is corroborated by the minutes of a meeting of the board of directors of the defendant company, held on June 22, 1932, wherein it is stated that the minute book of The Porto Rico Dairy, Inc., showed that the last minutes appearing in said book were dated April 25, 1932, when Mr. Pizarro and Mr. López Ramírez were respectively president and acting secretary, and that after the entry thereof, from page 97 and the following pages of said book, no minutes appeared pertaining to any meetings of directors or stockholders. The contract of sale of the truck appears to have been executed on May 14, 1932.

From the opinion of the lower court we transcribe the following:

". . . There are no minutes of the meetings held by The Porto Rico Dairy, Inc., during the period from April 25, 1932, to June 22, 1932, wherein there should appear the appointment of F. A. Powers

as manager and the authorization for the purchase of the motor vehicles involved in this suit. However, from a deed of rescission of several contracts and for other purposes, executed on May 14, 1932, by Pedro F. Rodríguez and Jesús T. Piñero, the latter as president of Ganaderos Unidos, Inc., it appears that this corporation received for the benefit of The Porto Rico Dairy, Inc., the motor vehicles, and it was recited that there were executed and delivered to Pedro F. Rodríguez twenty promissory notes for $212.50 each, dated May 13, 1932, and payable to his order, the first on May 21, 1932, and the remaining ones weekly thereafter for twenty successive weeks until the full amount was paid. In the charter The Porto Rico Dairy, Inc., provided for the appointment of a manager by the board of directors. Ganaderos Unidos, Inc., controlled The Porto Rico Dairy, Inc., as appears from the complaint in said case No. 17004, and the board of directors of both companies were composed of the same persons, and Jesús T. Piñero was then president of both corporations. The notes were signed by F. A. Powers, as manager of The Porto Rico Dairy, Inc., and numbered from 1 to 20, inclusive, and were delivered to Pedro F. Rodríguez, the last note to mature on October 1, 1932. The defendant corporation punctually paid the first twelve notes but defaulted on the remaining ones; and recovery is sought herein on numbers 14 to 20, inclusive, but not on number 13, as the latter has been made the subject of a separate action, it having been lost. In the report of the referees, Messrs. López del Valle and Arturo E. Bravo, dated December 21, 1932, at page 18 and under the heading 'Bills Payable,' the debt owed to Pedro F. Rodríguez appears, eight unpaid promissory notes for $212.50 each, totalling $1,700; and in the same report, at page 16, the Day Elder trucks purchased by the defendant are described, under licenses Nos. H–178, H–180, and C–512. This report was prepared in accordance with the entries in the books of the corporation.''

We have carefully studied all the evidence, both oral and documentary, introduced in this case, and we have arrived at the same conclusions reached by the lower court. The defense that the manager of the defendant corporation had no authority to bind it in the transaction that culminated in the purchase of the trucks, can not prevail. The plaintiff testified, and his testimony is uncontradicted, that he contracted directly with the board of directors of the defendant

corporation, and the evidence clearly shows that this corporation took possession of the trucks and used them; it accepted the contract through its presidents Messrs. Jesús Piñero and Ricardo La Costa; it paid 12 out of the 20 promissory notes executed, and still owes the balance. To this should be added the inventory of the referees wherein the trucks are described, and their report where the debt of the defendant appears among the accounts payable. The appellee in the instant case asks us to dismiss the appeal taken by the defendant on the ground that the same is frivolous. We agree with the plaintiff that the appeal is manifestly frivolous and that the motion to dismiss should be sustained.